PEOPLE v. DENNIS et al.

(Supreme Court, Appellate Term. January 7, 1909.)

1. Food (§ 14*)—Meat—Effect of Statute.
  Agricultural Law, § 70e (Laws 1893, p. 671, c. 338), and acts amendatory thereto (Laws 1902, p. 59, c. 30; Laws 1905, p. 364, c. 171), prohibiting the sale or exposure for sale of any part of a calf's carcass, except the hide, unless at least four weeks old when killed, prohibits the sale, for the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

purpose of food, of the carcasses of calves not over four weeks old when killed.

[Ed. Note.—For other cases, see Food, Cent. Dig. § 10;  Dec. Dig. § 14.*]

2. FOOD (§ 6*)—MEAT—STATUTORY REGULATIONS—VALIDITY.

So far as Agricultural Law, § 70e (Laws 1893, p. 671, c. 338), and acts amendatory thereto (Laws 1902, p. 59, c. 30;  Laws 1905, p. 364, c. 171), express a purpose to prohibit the sale for food of the carcasses of animals too immature to produce wholesome meat, it is a constitutional exercise of the Legislature's police power.

[Ed. Note.—For other cases, see Food, Cent. Dig. § 6;  Dec. Dig. § 6.*]

3. FOOD (§ 14*)—MEAT—UNLAWFUL EXPOSURE FOR SALE—EVIDENCE—"EXPOSURE TO SALE."

That defendants placed immature veal in an ice box to which they took prospective customers, and exhibited the contents inducing them to buy, shows an exposure of the veal to sale within the prohibition of Agricultural Law, § 70e (Laws 1893, p. 671, c. 338), and acts amendatory thereto (Laws 1902, p. 59, c. 30;  Laws 1905, p. 364, c. 171).

[Ed. Note.—For other cases, see Food, Cent. Dig. § 10;  Dec. Dig. § 14.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by the People of the State of New York against M. Frank Dennis and another.  From a judgment for defendants, the People appeal.  Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

William Schuyler Jackson, for the People.
Maurice M. Greenstein, for respondents.

SEABURY, J.  This action is brought to recover penalties for the alleged violation of section 70e of the agricultural law of this state. Chapter 338, p. 671, Laws 1893, and acts amendatory thereto; Laws 1902, p. 59, c. 30;  Laws 1905, p. 364, c. 171.  That section provides that:

"No person shall slaughter or expose for sale, or sell any calf or carcass of the same or any part thereof, unless it is in good healthy condition.  No person shall sell or expose for sale any such calf or carcass of the same or any part thereof, except the hide, unless it was, if killed, at least four weeks of age at the time of the killing.  *  *  *  Any person or persons duly authorized by the commissioner of agriculture to examine any calf or veal offered or exposed for sale or kept with any stock of goods apparently exposed for sale and if such calf is under four weeks of age, or the veal is from a calf killed under four weeks of age, or from a calf in an unhealthy condition when killed, he may seize the same and cause it to be destroyed and disposed of in such manner as to make it possible to be thereafter used for food."

It is clear from an examination of this section of the statute that it applies only when the calf or carcass of the same or any part thereof is sold or exposed for sale for the purpose of food.  This section makes the prohibition apply only when the calf was not more than four weeks old at the time it was killed.  The provision of the statute quoted was designed to prohibit the sale, for the purpose of food, of the carcasses of calves which were not over four weeks old at the time they were killed.  The prohibition by the Legislature of the sale

for the purpose of food of the carcasses of animals which are too immature to produce wholesome meat is within its police power. So far as this statute expresses this purpose, it is a constitutional exercise by the Legislature of its police power. The argument of the respondents that they were not shown to have exposed such carcasses for sale is not sustained by the evidence. The proof shows that the carcasses were placed in an ice box, where the respondents took prospective buyers to exhibit the contents of the ice box to them in order to induce them to purchase. Such an exhibition was exposing for sale the carcasses, just as effectively as if they had been placed upon the counter or hung in the window of the respondents' place of business.

The judgment is reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.